**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| ALBERTO CONTRERAS, et al. on behalf of themselves and all other similarly situated individuals | : : : : | |
| | : | Case No. 07-CV-3087 |
| Plaintiffs, | : | |
| v. | : : : | |
| PM BEEF HOLDINGS, LLC., | : : | CLASS ACTION |
| Defendants. | : : | Honorable Paul A. Magnuson United States District Judge |

**FINAL JUDGMENT AND ORDER**

This matter having come before the Court for approval of a settlement in this class action, the Court having considered all papers filed and proceedings held in connection with said motion, notice of hearing having duly been given in accordance with the Court's Preliminary Approval Order, a hearing having been held on **September 18, 2008**, there being no objections from the class members to the proposed settlement, and good cause appearing therefore, it is this  18th  day of  September , 2008,

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this action and over all parties to this action.

2. The Notice given to the Class was in compliance with the Preliminary Approval Order and such Notice was the best notice practicable under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of Due Process.

3. The Court confirms its appointment of Brian P. McCafferty, Esquire, of Kenney Egan McCafferty & Young, Michael Hamilton, Esquire of Provost Umphrey Law Firm and

Robert D. Metcalf, Esquire of Metcalf, Kaspari, Howard, Engdahl & Lazarus as Class Counsel ("Class Counsel").

4.  The April, 2008 Settlement Agreement filed with the Court (the "Settlement Agreement") was arrived at as a result of arm's-length negotiations, conducted in good faith by counsel for the parties and mediated by Magistrate Judge Janie S. Mayeron.  None of the Class Members has filed a valid objection to the Settlement.

5.  The Court hereby approves the Settlement set forth in the Settlement Agreement. The Settlement, as set forth in the Settlement Agreement is, in all respects, fair, reasonable, and adequate to the Class in light of the risks of establishing liability and damages; the range of reasonableness of the settlement in light of the best possible recovery; the range of reasonableness of the settlement in light of all the attendant risks of litigation, including but not limited to the risks of maintaining a class action through trial and appeal; the complexity, expense, and likely duration of litigation; the state of the proceedings and the amount of discovery completed; the recommendations of competent counsel; and the reaction of the class to the settlement.  The Representative Plaintiffs, Class Members, and Defendant are directed to consummate the Settlement as provided in the Settlement Agreement.

6.  The Court hereby dismisses with prejudice and on the merits the lawsuit under the above caption.

7.  By this Order and the Judgment entered pursuant to it, the Court approves the release as set forth in Paragraph 19 of the Settlement Agreement.  Therefore, all Plaintiffs and Class Members have released and do release the Released Parties as follows:

> 19.  For the consideration stated herein, the receipt, adequacy and sufficiency of which are hereby acknowledged, Plaintiffs agree that the Lawsuit shall be dismissed with prejudice, and Plaintiffs and all Settlement Class Members who do not timely exclude themselves from the Settlement Class,

including any other person acting on their behalf or for their benefit, and including all Settlement Class Members whose mail is returned as Undeliverable Mail for any reason and for whom the United States Postal Service does not provide forwarding address information or whose address cannot be updated with the Lexis Nexis Credit Bureau Scrub (collectively "Releasors") hereby releases, covenants not to sue, remises and forever discharges Defendant, as well as its predecessors and successors in interest and present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, and assigns (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees") from any causes of action, claims, debts, contracts, agreements, obligations, liabilities, suits, claims, damages, losses, or demands whatsoever ("Claims"), in law or in equity, known or unknown at this time, suspected or unsuspected, which Plaintiff and the Class now have or ever had, or may in the future have, against the Releasees, under any legal theory, including, but not limited to, all claims under local, state or federal law, including claims for violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b), the Minnesota Fair Labor Standards Act ("MFLSA"), and the Minnesota Wage Payment Statute ("MWPS"); or other acts, omissions or claims, and for any general, special, consequential and punitive damages specifically related to such claims, as well as any claims for disgorgement, restitution, injunctive relief, penalties, attorneys' fees and/or costs of suit in connection with such claims, whether or not alleged, arising out of the allegations in or subject matter of the Complaint from June 27, 2004 to February 19, 2008, the date this Settlement was reached.  This release is conditioned upon the final approval of this Settlement Agreement by the Court and upon Plaintiffs, Class Counsel, and Defendant meeting its obligations herein.

8.     No Class Member has served a timely request for exclusion from the certified class in this Action such that they would not be subject to the provisions of Paragraphs 6 and 7 of this Final Order and Judgment and shall not be entitled to participate in the Settlement reached between the parties and are hereby excluded from the certified class.  All Class Members shall participate in the Settlement

9.     Without affecting the finality of the Judgment entered pursuant to this Order, the Court hereby reserves and retains continuing jurisdiction over the Settlement, including all matters relating to the administration and effectuation of the Settlement Agreement.  Each party and Class Member is hereby deemed to have submitted irrevocably to the jurisdiction of this

Court for any suit, action, proceedings, or dispute arising out of or relating to this Order or the Settlement.

10. Each Plaintiff and Class Member is hereby enjoined from prosecuting any claim(s) that are released pursuant to Paragraph 7 of this Order. Without affecting the finality of this Judgment, the Court hereby reserves and retains jurisdiction to enforce this injunction.

11. Class Counsel are hereby awarded counsel fees (to be paid by a portion of the Settlement Fund as prescribed by the Settlement Agreement) of **$160,378.08**. The Court also approves Class Counsel's litigation costs and expenses of **$4,621.92**, plus any additional amounts subsequently reasonably incurred by Class Counsel in connection with implementation of this Agreement (as provided in Paragraph 4 of the Settlement Agreement).

BY THE COURT

s/Paul A. Magnuson_____
HONORABLE PAUL A. MAGNUSON
UNITED STATES DISTRICT JUDGE